IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CR-55-TAV-HBG |
| | ) | |
| JARET AXELL, | ) | |
| JACKSON BROWN, and | ) | |
| COY POTTER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on June 10, 2019, for a scheduled pretrial conference and motion hearing on Defendant Jackson Brown's Motion to Continue [Doc. 27], filed on May 8, 2019. Assistant United States Attorney Cynthia F. Davidson appeared on behalf of the Government. Attorney Kimberly A. Parton represented Defendant Axell. Attorney James H. Varner, Jr., appeared on behalf of Defendant Brown. Attorney Cullen Michael Wojcik represented Defendant Potter. All three Defendants were also present.

Defendant Brown asks to continue the June 24, 2019 trial in this case because counsel needs additional time to prepare the case for trial. The motion states that counsel has discussed the need for a continuance with Defendant Brown and explained his rights under the Speedy Trial Act. Defendant Potter has moved to adopt [Doc. 31] Defendant Brown's motion, stating that he is similarly situated and that the motion applies to him as well.

At the hearing, Mr. Varner stated that he needs additional time to review the discovery with his client who faces a lengthy sentence if convicted. He said that he discussed the requested continuance with Defendant Brown, who agreed to waive his right to a speedy trial in relation to this motion. Mr. Wojcik joined in Mr. Varner's motion without additional argument. Ms. Parton stated that Defendant Axell was not opposed to a trial continuance. AUSA Davidson stated that the Government did not oppose the Motion to Continue. She noted that Defendant Brown joined the case later than the other Defendants. AUSA Davidson said that a trial continuance is warranted in this case. The parties agreed on a new trial date of January 28, 2020.

The Court finds the ends of justice served by continuing the trial outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In the instant case, the Defendants are charged [Doc. 1] with carjacking (Count One) and brandishing a firearm in furtherance of carjacking (Count Two). Defendant Brown is also charged with being a felon in possession of a firearm (Count Three). Defense counsel need additional time to determine whether to file pretrial motions, to interview witnesses, to confer with their clients, and to prepare the case for trial. Thus, the Court finds that continuing the trial for eight months is necessary in order to permit counsel the "reasonable time necessary for effective preparation." 18 U.S.C. § 3161(h)(7)(B)(iv). The Court finds that requiring the Defendants to proceed to trial on June 24 would deprive counsel of the reasonable time necessary to prepare effectively for trial even taking into account their acting with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motion to continue the trial [**Doc. 27**] is **GRANTED**. Defendant Potter's motion [**Doc**. **31**] to adopt this motion is also **GRANTED**. The trial of this matter is reset to **January 28, 2020**. The Court finds that all the time between the filing of Defendant Brown's

motion on May 8, 2019, and the new trial date of January 28, 2020, is fully excludable time under the Speedy Trial Act for the reasons set forth herein.  *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B).  With regard to other scheduling in this case, the Court extended the motion deadline to **August 5, 2019**.  Responses to motions are due on or before **August 19, 2019**.  The parties are to appear before the undersigned for a final pretrial conference on **January 13, 2020, at 11:00 a.m**.  The new deadline for concluding plea negotiations and providing reciprocal discovery is also **January 7, 2020**.  Motions *in limine* are due on or before **January 11, 2020**.  Special requests for jury instructions shall be submitted to the District Judge no later than **January 18, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Brown's Motion to Continue [**Doc. 27**] the trial is **GRANTED**.  Defendant Potter's Motion to Adopt Co-Defendant's Motion to Continue [**Doc. 31**] is also **GRANTED**;

(2) The trial of this case is reset to commence on **January 28, 2020**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the filing of Defendant Brown's motion on **May 8, 2019**, and the new trial date of **January 28, 2020**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **August 5, 2019**.  Responses to motions are due on or before **August 19, 2019**;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is extended to **January 7, 2020**;

(6) Motions *in limine* are due on or before **January 11, 2020**;

(7) The parties shall appear before the undersigned for a final pretrial conference on **January 13, 2020, at 11:00 a.m.**; and

3

(8) Special requests for jury instructions shall be submitted to the District Judge no later than **January 18, 2020**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge