IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Nos. 3:19-CR-55-TAV-HBG |
| | ) | 1:18-CR-68-TAV-HBG |
| JACKSON BROWN, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge, as may be appropriate. This case is before the Court on a *pro se* letter by Defendant Jackson Brown, asking for the Court to relieve appointed counsel from his case and expressing concerns with the lack of contact with and preparation by his attorney. The Defendant's letter was docketed as a motion for new counsel [Doc. 73] on September 18, 2020. The Court appointed Attorney James H. Varner, Jr., to represent Defendant Brown at his initial appearance on an Indictment in case number 3:19-CR-55 on April 19, 2019 [Doc. 21]. On August 19, 2019, the Court also appointed Mr. Varner to represent Defendant Brown in case number 1:18:-CR-68.[1] The Court deems Defendant's *pro se* letter to be a request for substitution of counsel in these two cases.

---

[1] Following Defendant's entry of a guilty plea in case number 1:18-CR-68, defense counsel Assistant Federal Defender Gianna Maio asked to withdraw due to a conflict of interest. Upon his appointment in that case, Mr. Varner asked to move the sentencing hearing in 1:18-CR-68 to follow the trial of 3:18-CR-55. The sentencing hearing in 1:18-CR-68 is presently set to track

The parties appeared on September 23, 2020, for a video motion hearing on the Defendant's *pro se* request. Assistant United States Attorney Alan S. Kirk appeared by video conference on behalf of the Government. Mr. Varner and Defendant Brown also appeared by video conference, as did Attorney Mark E. Brown. Mr. Varner stated that the problems in the attorney-client relationship have been building over the seventeen-month period that he has represented Defendant Brown. Mr. Varner confirmed that the Defendant's statement that he had only visited him at the jail three times is accurate but stated there were reasons for the limited visits. Mr. Varner said he did not oppose the Defendant's request for new counsel. He agreed that the attorney-client relationship was irretrievably broken and that the appointment of new counsel would be in the Defendant's best interest. Defendant also agreed with this assessment of the attorney-client relationship. AUSA Kirk stated that the Government takes no position on the motion.

Without finding any fault on the part of Mr. Varner, the Court finds that a breakdown has occurred in the trust and communication necessary to the attorney-client relationship. The Court also finds this loss of trust and communication compromises Mr. Varner's ability to present an adequate defense and to render effective assistance of counsel. Based upon the statements of counsel and the Defendant, the Court concludes that the breach of trust in the attorney-client relationship is irreparable. Accordingly, the Court finds that good cause exists to substitute new counsel under the unique circumstances of this case.

Based upon good cause shown, the Defendant's *pro se* request for new counsel [**Doc. 73**] is **GRANTED**, and Mr. Varner is relieved as counsel of record for the Defendant in both cases. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (holding that a defendant

---

with the trial date in 3:19-CR-55, which is October 13, 2020, before United States District Judge Thomas A. Varlan.

2

Case 3:19-cr-00055-TAV-HBG   Document 77   Filed 09/25/20   Page 2 of 4   PageID #: 309

seeking to substitute counsel must show good cause). The Court directed Mr. Varner to provide the discovery and the Defendant's file to new counsel soon as possible.

The Court recognizes the need for the Defendant to be represented continuously by counsel. Attorney Mark E. Brown was present at the hearing and agreed to accept representation of the Defendant in both cases. The Court **SUBSTITUTES** and **APPOINTS** Mr. Greene under the Criminal Justice Act ("CJA"), 18 U.S.C. § 3006A, as counsel of record for Defendant Jackson Brown, in case numbers 3:19-CR-55 and 1:18-CR-68. During the video hearing, the Court encouraged the Defendant to make every effort to work with Mr. Brown and advised him that the Court would not be inclined to substitute counsel again, absent a showing of actual conflict of interest or a very good reason.

The trial of case number 3:19-CR-55 is set for October 13, 2020. Mr. Brown stated that he would be filing a motion to continue the trial date. Mr. Varner informed the Court that counsel for Codefendant Coy Potter also intends to file a motion to continue the trial.[2] The Court will address any motions to continue the trial at the pretrial conference on September 30, 2020, at 11:00 a.m. The pretrial conference will be conducted by telephone with counsel for all parties who may be proceeding to trial, and Defendants Brown and Potter are excused from this telephonic hearing.

Accordingly, it is **ORDERED**:

(1) The Defendant's *pro se* request for new counsel [**Doc. 73**] is **GRANTED**;

(2) Attorney James H. Varner, Jr., is **RELIEVED** of his representation of the Defendant. Mr. Varner is **DIRECTED** to provide all discovery and the Defendant's file in case

---

[2] The third codefendant in case number 3:19-CR-55, Jaret Axell, is no longer proceeding to trial.

3

numbers 3:19-CR-55 and 1:18-CR-68 to new counsel as soon as possible;

(3) Attorney Mark E. Brown is **SUBSTITUTED** and **APPOINTED** as Defendant Jackson Brown's counsel of record under the CJA in case numbers 3:19-CR-55 and 1:18-CR-68; and

(4) The parties are to appear for a pretrial conference and telephonic motion hearing on **September 30, 2020, at 11:00 a.m.** This hearing will be conducted by telephone conference and Defendants Jackson Brown and Coy Potter are excused from this hearing.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge